## Burton and Husband *v.* Chaney.

A note in these words: "I promise to pay to the order of A." &c., but which, instead of being endorsed by A., has his signature affixed to it under that of the maker, is neither payable to order nor bearer; and an action on it will not be prescribed by five years, under art. 3505 of the Civil Code.

Where an obligation to pay money at a certain time is silent as to interest, it will commence only from the time of the debtor's being put in default.

APPEAL from the District Court of East Feliciana, *Boyle*, J. *Merrick*, for the plaintiffs. *Z. S. Lyons* and *T. G. Morgan*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. The defendant is sued on his signature to two promissory notes, as they are called in the plaintiffs' petition. They are drawn by *Whiten* and have the words, "I promise to pay to the order of *Bailey D. Chaney*, and at the office, &c." in each. They were given for a tract of land and a slave purchased by *Whiten* at a probate sale, and, instead of being endorsed by *Chaney*, as their import implied they were to have been, his signature was appended to the foot of each note, under that of the maker.

It is contended, that the defendant is discharged by the lapse of five years, under article 3505 of the Code. But it seems to us that these instruments are payable neither to order nor to bearer, inasmuch as the defendant himself never endorsed them, and chose to throw the contract he made into an entirely different form, and that they are not prescribed under that article.

The district judge allowed interest from the default of the defendant only, and we think decided correctly.                    *Judgment affirmed.*